## UNITED STATES v. JEFFERSON.

(District Court, D. Washington, N. D. January 19, 1894.)

UNITED STATES—EIGHT-HOUR LAW—SEAMEN.
  Seamen upon a government vessel are employed upon "public works of the United States" (27 Stat. 340) when engaged in removing obstructions to navigation in rivers and harbors, and to exact from them more than eight hours' labor per day at this work, or in the actual care and repair of appliances necessary to carry it on, will subject the offender to indictment.

At Law. Indictment charging E. H. Jefferson, master of the steam snag boat Skagit, with unlawfully requiring laborers employed in removing obstructions to navigation to work more than eight hours in a single day, in violation of chapter 352, Laws 52d Cong. (27 Stat. 340). Jury trial. Verdict, "Not guilty."

Wm. H. Brinker, for the United States.

L. C. Gilman, for defendant.

HANFORD, District Judge (orally charging jury). The act of congress upon which the indictment in this case is founded prohibits any officer of the United States having the direction or control of laborers upon any public works of the United States from requiring or permitting, intentionally on his part, more than eight hours' work in a calendar day. The statute does not apply to all persons employed in the government service. It is limited to work designated "the public

works of the United States." To bring a case, therefore, within the inhibition of the statute, the evidence should be sufficient to show that the officer having the direction and control of men employed upon some public work in which the government is engaged exacted from those men or intentionally permitted them to work more than eight hours in a calendar day upon such public work. The removal of obstructions to navigation in the rivers and harbors of the country is a part of the public work of the government. Men employed in removing obstructions are employed upon public works, and they are to be deemed to be engaged in public work while they are actually working upon the obstructions, and during the necessary time employed in going to and from the places where the work is to be performed and the places where they have to lodge or where they go to meals; and they are also to be deemed engaged in labor upon such public work when they are necessarily required to repair their tools, or grind axes, or do work of that kind. Anything that is incident to their labor in the public work is to be deemed labor upon that public work. There is evidence in this case tending to prove that the men named in the indictment were employed as seamen upon a government vessel. The steam snag boat Skagit is a vessel belonging to the war department, and in the public service, and the crew of that vessel are laborers of a different kind from those who are ordinarily employed upon public works of the United States. The statute does not apply to the crew of such a vessel. The evidence also tends to show that the same men who were serving as part of the crew of this vessel were also sent to labor upon public work in removing snags and obstructions from the rivers and harbors. Now, if you are satisfied from the evidence that these men were thus employed in a double capacity, you will have to discriminate, and, in order to convict, find that the defendant required them upon the public work, aside from their duties as deckhands or seamen on the vessel, to perform more than eight hours' work in a day. The policy of this law is something this court and members of this jury are not responsible for. Congress has made the law, and it is obligatory upon all of us to obey it, and enforce it; and we are called upon to do so, no matter how much the public service may be prejudiced by its enforcement; that is a matter congress in its wisdom has seen fit to enact into a statute, and all we can do is to obey it. The case is the same as other criminal cases,—one in which the government has to establish by proof every material allegation of the indictment in order to warrant a conviction; and the jury, upon consideration of the testimony, must decide what the facts are; and unless you are, by the testimony in the case, convinced beyond a reasonable doubt that the defendant is guilty, your verdict should be in his favor,—a verdict of not guilty. This requires you to be convinced beyond a reasonable doubt, by the evidence, that upon some day prior to the date of the indictment the defendant required some one of these men named in the indictment to perform labor in or about the removal of obstructions to rivers or harbors for more than eight hours in a singe calendar day. The

particular dates named in the indictment are not material, but some one of the transactions specified in the indictment must be proved, to warrant a conviction.